# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JAMES BUSSEY** and **BRENDA SANDOVAL REY,** Plaintiffs, | **CIVIL ACTION No. 1:24-CV-4968-VMC** |
| v. | FILED IN CLERK'S OFFICE U.S.D.C. - Atlanta |
| **FAIRWAY INDEPENDENT MORTGAGE CORPORATION, et al.,** Defendants. | DEC 0 4 2024  KEVIN P. WEIMER, Clerk By: Deputy Clerk |

## MOTION FOR DEFAULT JUDGMENT

**COMES NOW,** the Plaintiffs **James Bussey** and **Brenda Sandoval Rey,** pursuant to **Rule 55(b)** of the **Federal Rules of Civil Procedure,** and respectfully moves this Honorable Court to enter a Default Judgment against Defendant, **Fairway Independent Mortgage Corporation,** for failure to plead or otherwise defend against this action. In support of this motion, Plaintiff shows the following:

## I. INTRODUCTION AND BACKGROUND

1. On **October 30, 2024,** Plaintiffs filed the Complaint asserting claims against Defendant, **Fairway Independent Mortgage Corporation,** including its failure to comply with the notice of recission under the **Truth in Lending Act (TILA), 15 U.S.C. § 1635.**

2. Defendant was properly served with the Summons and Complaint on **October 30, 2024,** as evidenced by the Proof of Service filed with this Court on **October 30, 2024.**

3. Defendant failed to file an answer, motion, or any other responsive pleading within the time required under **Rule 12(a)(1)(A)** of the **Federal Rules of Civil Procedure.**

4. On **December 4, 2024,** the Clerk entered default against Defendant, **Fairway Independent Mortgage Corporation,** pursuant to **Rule 55(a).**

5. Plaintiffs now seeks a default judgment under **Rule 55(b),** including the requested relief as set forth in the Complaint.

## II. LEGAL STANDARD

Under **Rule 55(b)** of the **Federal Rules of Civil Procedure,** a plaintiffs may seek a default judgment, after the Clerk has entered default, Default judgment is appropriate when:

- The defendants have failed to plead otherwise defend the action, and
- The plaintiff's claims are well-pleaded and supported by evidence.

See ***Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank,* 515.2d 1200, 1206 (5th Cir. 1975).** Upon default, the defendant is deemed to admit all well-pleaded factual allegations of the complaint. See ***Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985).**

## III. ARGUMENT

### A. Default Was Properly Entered

Defendant was properly served with Summons and Complaint and has failed to plead or otherwise defend against this action within the time permitted under the **Federal Rules of Civil Procedure**. The Clerk properly entered default against the Defendant on **December 4, 2024.**

### B. Defendant's Failure to Respond Constitutes an Admission of Plaintiff's Allegations

Defendant **Fairway Independent Mortgage Corporation** was properly served and has failed to answer or otherwise respond to the Complaint Under **Rule 8(b)(6) of the Federal Rules of Civil Procedure**, the allegations in Plaintiff's Complaint are admitted as true when not denied. See *Adolph Coors Co. v. Movement Against Racism and the Klan*, **777 F.2d 1538, 1543 (11th Cir. 1985).** Accordingly, Defendant's failure to respond constitutes an admission of Plaintiff's well-pleaded allegations regarding the invalidity of the mortgage and the recission rights under the **Truth in Lending Act (TILA).**

## C. Plaintiff's Claims Are Well-pleaded and Supported by Law

Plaintiff has set forth claims under the **Truth in Lending Act (TILA), 15 U.S.C. § 1635**, which requires creditors to honor a valid notice of rescission. Defendant's failure to respond constitutes an admission of all factual allegations in the Complaint.

## D. Plaintiff's Right to Recission Under the Truth in Lending Act (TILA)

Under **TILA, 15 U.S.C. § 1635(a)**, a borrower has the right to rescind a mortgage transaction if the creditor fails to meet the required disclosure obligations. **TILA** explicitly provides that upon a valid rescission, the creditor must:

1. Return any money or property given as part of the transaction; and
2. Terminate the security interest in the property.

The implementing regulation, **Regulation Z**, codified at **12 C.F.R. § 226.23**, further states that rescission renders the transaction void and requires the creditor to release its lien and return all payments made by the borrower. Here, Plaintiffs properly exercised their right to rescind by providing timely notice to Defendant. Defendant failed to respond to the notice of recission and has not satisfied the statutory requirements to contest the recission within **20 days**, as required by 15 U.S.C. § 1635(b). Therefore, Defendant is deemed to

have waived its right to challenge the rescission, and the mortgage is void as a matter of law. See *Taylor v. Deutsche Bank Nat'l Tr. Co.*, **44 F. Supp. 3d 1159, 1164 (D. Or. 2014)** (holding that a creditor's failure to respond to a rescission notice within the statutory period renders the transaction rescinded by operation of law).

### E. The Mortgage Must be Declared Void, and the Property Released Free and Clear

Under **15 U.S.C. § 1635(b)**, once recission is effected, the creditor's security interest becomes void, and the borrower is no longer obligated under the promissory note. Additionally, courts have the authority to require the return of the cancelled promissory note. See *Jesinoski v. Countrywide Home Loans, Inc.*, **574 U.S. 259, 262 (2015)** (holding that a borrower's notice of recission is sufficient to void a loan agreement under **TILA** without filing suit).

In this case, Defendant has failed to contest Plaintiff's notice of rescission or to release the lien on the property. Accordingly, Plaintiff requests the Court to:

1. Declare the promissory note null and void:
2. Order the immediate return of the canceled promissory note to Plaintiff; and

3. Declare Plaintiff's property free and clear of any liens or encumbrances held by Defendant.

Under **Georgia law,** a lien on property may be invalidated if the underlying debt is void or unenforceable. See **O.C.G.A. § 44-14-80(a)(1),** which states that a lien shall be discharged upon the satisfaction or invalidation of the secured debt.

## F. Defendant's Failure to Comply with TILA Entitles Plaintiff to Damages and Other Relief

Plaintiffs also seeks statutory damages pursuant to **15 U.S.C. § 1640(a)** for Defendant's failure to comply with TILA. The statute provides for statutory damages of up to **$4,000** per violation, as well as reasonable fees and costs. Defendant's failure to respond to the rescission notice and continued enforcement of the invalid mortgage constitute clear violations of **TILA,** justifying the relief requested.

### G. Plaintiff is Entitled to Relief

Plaintiffs seeks the following relief:

1. **Recission of the Loan Agreement:** Pursuant to **TILA, 15 U.S.C. § 1635,** and **Regulation Z, 12 C.F.R. § 226.23,** Plaintiffs are entitled to rescind the loan agreement entered into with Defendant.
2. **Statutory Damages:** Under 15 U.S.C. § 1640(a), Plaintiff's seeks statutory damages of **$150,000.**
3. **Costs and Fees:** Pursuant to 15 U.S.C. § 1640(a)(3), Plaintiffs request reimbursement for reasonable costs and fees.
4. **Other Relief:** Plaintiffs requests any further relief deemed just and proper by the Court.

## IV. CONSLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court:

1. Enter a Default Judgment against Defendant **Fairway Independent Mortgage Corporation.**
2. Declare the promissory note null and void;
3. Order the immediate return of the canceled promissory note to Plaintiffs;
4. Declare Plaintiff's property free and clear of any liens or encumbrances held by Defendant;

5. Award statutory damages under **TILA, 15 U.S.C. § 1640(a);**

6. Provide such other relief requested in the Complaint, including recission and damages; and

7. Grant such other relief as the Court deems just equitable.

## CERTIFICATE OF SERVICE

I hereby certify that on this **4th day of December 2024,** I served a copy of the following documents:

1. **Motion for Default Judgment**
2. **Affidavit of James Bussey in Support of Damages**

on Defendant **Fairway Independent Mortgage Corporation** via electronic notification and Fed Ex mail at the following address:

**Fairway Independent Mortgage Corporation (Registered Agent)**
**2 Sun Ct. NW Suite 400**
**Peachtree Corners, Georgia 30092**

I further certify that I have filed the above-referenced documents electronically with the Clerk of Court using the Court's CM/ECF system, where applicable.

December 4th, 2024

Respectfully submitted,

James Bussey
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
JamesBussey72@yahoo.com

Pro se Plaintiff

*James Bussey*
December 4, 2024

# AFFIDAVIT FOR DAMAGES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

Case no.1:24-CV-4968-VMC

## AFFIDAVIT OF JAMES BUSSEY IN SUPPORT OF DAMAGES

I, **James Bussey,** being duly sworn, depose and state as follows:

1. I am the Plaintiff in the above-captured matter and am over the age of 18. I have personal knowledge of the facts stated herein.

2. I provided four notices of rescissions to Defendant Fairway Independent Mortgage Corporation. The first was in **February 2024,** the second was in **July 2024** and twice in **October 2024.** I also provided three notices of rescission, to McCalla Raymer-Leibert Pierce, LLC, / Briana Tookes. The first was in **July 2024** and twice in **October 2024** under the **Truth in Lending Act, 15 U.S.C. § 1635**, which was not contested or responded to by neither Defendants.

3. As a result of Defendant's violations of **TILA**, I am entitled to statutory damages of **$4,000** per violation pursuant to **15 U.S.C. § 1640(a).**

4. I also seek recission of the mortgage and a declaration that my property located at **455 Liberty Trace, Roswell, Georgia 30076** is free and clear of all liens or encumbrances held by Defendant.

5. I incurred additional fees and costs in pursuing this matter.

6. I respectfully request the Court award the following relief:

- Statutory damages: **$150,000.**

I affirm under penalty of perjury that the foregoing is true and correct.

**James Bussey**
**455 Liberty Trace**
**Roswell, Georgia 30076**

*/s/ James Bussey*

December 4, 2024

*/s/ Octavia Strickland*
12/04/24

[Notary Seal: Octavia S. Strickland, Notary Public, Douglas County, Georgia, Commission Expires October 25, 2027]

**EXHIBITS:**

1. **Exhibit A:** Proof of service.
2. **Exhibit B:** Clerk Entry of Default.
3. **Exhibit C:** Motion for Default Judgment.
4. **Exhibit D:** Affidavit of **James Bussey** in Support of Damages.